**BLANK ROME LLP**
*A Pennsylvania LLP*
Seth J. Lapidow
New Jersey Resident Partner
301 Carnegie Center, 3rd Floor
Princeton, NJ  08540
Telephone: (609) 750-2644
Facsimile: (609) 897-7284
Lapidow@BlankRome.com
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STRIKEFORCE TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DUO SECURITY INCORPORATED,<br><br>Defendant. | Civil Action No.<br><br>*Electronically Filed*<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>Jury Trial Demanded |

StrikeForce Technologies, Inc. (hereinafter "Plaintiff"), files this Complaint for patent infringement against Duo Security, Inc. (hereinafter "Defendant"), and, in support thereof, further states and alleges as follows:

**THE PARTIES**

1.      Plaintiff, StrikeForce Technologies, Inc. ("StrikeForce") is a corporation incorporated in the state of Wyoming, with its principal place of business located at 1090 King Georges Post Road, Edison, New Jersey 08837.

2.      Upon information and belief, Defendant Duo Security Inc. ("Duo Security") is a corporation incorporated in the state of Delaware, having its principal place of business at 123 North Ashley Street, Suite 200, Ann Arbor, Michigan 48104.   The registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

**JURISDICTION AND VENUE**

3. This is a civil action for patent infringement under the laws of the United States, Title 35 United States Code §§ 1, *et seq.*

4. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (patent-exclusive jurisdiction).

5. Defendant Duo Security maintains continuous and systematic contacts and directs its activities at residents of the state of New Jersey. Duo Security markets, advertises, offers for sale, and sells its products, including the infringing products, to the following entities headquartered in the state of New Jersey: Seton Hall University, located in South Orange, NJ, as disclosed at https://www.techvalidate.com/product-research/duo-security/facts/176-68F-537; Princeton University, located in Princeton, NJ, as disclosed at http://helpdesk.princeton.edu/kb/display.plx?ID=1207; and Drew University, located at Madison, NJ, as disclosed at https://uknow.drew.edu/confluence/display/techdocs/Two-Factor+Authentication+with+Duo+Security.

6. Defendant Duo Security markets, advertises, offers for sale, and sells its products, including the infringing products, to the following additional customers located within the state of New Jersey: Altegra Health, Inc., as disclosed at http://www.featuredcustomers.com/vendor/duo-security/customers#; The Men's Wearhouse, as disclosed at https://duo.com/solutions/industry/retail; Toyota, as disclosed at https://duo.com/about/press/releases/duo-security-completes-soc-2-audit-ensures-customer-security-and-privacy; Paramount Pictures Corporation, as disclosed at http://uk.reuters.com/article/idUKnMKWwZ2CWa+1d6+MKW20151012; Amazon Inc., as disclosed at https://duo.com/blog/duo-secures-data-in-the-european-union; Apple Inc., as disclosed at http://news.softpedia.com/news/Two-Factor-Authentication-for-Apple-Watch-

Available-from-Duo-Security-480330.shtml; Chick-Fil-A, as disclosed at https://duo.com/solutions/industry/retail; True Religion Brand Jeans, as disclosed at https://duo.com/solutions/industry/retail; and Cellular One, as disclosed at https://duo.com/solutions/industry/technology.

7. Due to at least the business interactions outlined in paragraphs 5 and 6, this Court has personal jurisdiction over Defendant Duo Security because Duo Security maintains continuous and systematic contacts with the state of New Jersey and because Duo Security has purposefully directed its activities at residents of the state of New Jersey. StrikeForce's claims arise, in part, out of, or relate to Duo Security's acts of infringement committed in the state of New Jersey, and the assertion of personal jurisdiction over Duo Security in this forum would not offend traditional notions of fair play and substantial justice.

8. Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and § 1400(b), because Defendant Duo Security is subject to personal jurisdiction in this judicial district.

**FACTUAL BACKGROUND**

9. On July 9, 2013, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,484,698, entitled "Multichannel Device Utilizing a Centralized Out-of-Band Authentication System (COBAS)" ("the '698 Patent"). A true and correct copy of the '698 Patent is attached hereto as Exhibit A.

10. Plaintiff StrikeForce is the owner by assignment of the '698 Patent.

11. The '698 Patent is directed to multichannel security systems and methods for authenticating a user seeking to gain access to, for example, Internet websites and VPN networks, such as those used for conducting banking, social networking, business activities, and other online services. Such technology is sometimes known as "out-of-band" authentication.

When coupled with more traditional processes, they are more commonly known as two factor-authentication.

12. StrikeForce offers a product that performs out-of-band authentication, known as ProtectID®. Since about July 2013, the statutory patent notice was placed on the ProtectID® product.

13. Defendant Duo Security engages in electronic commerce conducted on and using at least, but not limited to, its website, https://www.duo.com, in the United States and in this District.

14. Defendant Duo Security owns, operates, and/or directs the operation of its website, https://www.duo.com, in the United States and in this District.

15. Defendant Duo Security provides access to its website, https://www.duo.com, in the United States and in this District.

16. Through its website, https://www.duo.com, Defendant Duo Security offers its two-factor authentication products for Windows, Android, and iOS devices in the United States and in this District.

**COUNT I**
**(Direct Infringement of the '698 Patent)**

17. Plaintiff StrikeForce incorporates by this reference the averments set forth in paragraphs 1 through 16.

18. Defendant Duo Security has infringed claims 53 and 54 of the '698 Patent in this district and elsewhere by making, using, offering for sale, or selling systems and methods for out-of-band authentication, all in violation of 35 U.S.C. § 271(a). Defendant Duo Security has infringed claims 53 and 54 of the '698 Patent in this District and elsewhere by making, using, offering for sale, or selling systems and methods for out-of-band authentication, including Duo

Push, Duo Mobile, and Duo Two-Factor Authentication products, which are offered for sale and sold in this District and elsewhere.

19.     Defendant Duo Security infringes claims 53 and 54 of the '698 Patent because its Duo Two-Factor Authentication product performs and/or controls the performance of each step of method claim 53 and because Defendant Duo Security makes, uses, sells, and/or offers for sale the Duo Two-Factor Authentication product, which  includes all of the elements recited by claim 54.  Exemplary diagrams of the infringing Duo Two-Factor Authentication systems and methods, as marketed and offered for sale in the United States and this District by Defendant Duo Security, found at https://duo.com/docs/dag, are reproduced below.





20. Defendant Duo Security sold infringing products to consumers located in New Jersey.

21. As a direct and proximate result of Defendant Duo Security's acts of infringing claims 53 and 54 of the '698 Patent, Plaintiff has suffered injury and monetary damages for which Plaintiff is entitled to relief in the form of damages for lost profits and in no event less than a reasonable royalty to compensate for Defendant Duo Security's infringement.

22. Defendant Duo Security will continue to directly infringe claims 53 and 54 of the '698 Patent, causing immediate and irreparable harm to Plaintiff unless this Court enjoins and restrains its activities, specifically the acts of making, using, selling, and offering for sale, as previously outlined. There are inadequate remedies available at law to compensate for this harm.

23. Upon information and belief, the direct infringement of claims 53 and 54 of the '698 Patent by Defendant Duo Security has deprived, and will deprive, Plaintiff of sales proceeds, subscription fees, licensing fees, royalties and other related revenue which Plaintiff would have made or would enjoy in the future; has injured Plaintiff in other respects; and will cause Plaintiff added injury and damage unless Defendant Duo Security is enjoined from

infringing claims 53 and 54 of the '698 Patent on all products and web services Defendant Duo Security will make, use, offer for sale, sell, import, distribute, market, or advertise until the expiration of the '698 Patent.

24. Upon information and belief, Defendant Duo Security has knowingly, willfully, and deliberately infringed claims 53 and 54 of the '698 Patent in conscious disregard of Plaintiff StrikeForce's rights, making this case exceptional within the meaning of 35 U.S.C. § 285 and justifying treble damages pursuant to 35 U.S.C. § 284.

## COUNT II
### (Active Inducement of Infringement of the '698 Patent)

25. Plaintiff StrikeForce incorporates by this reference the averments set forth in paragraphs 1 through 24.

26. Defendant Duo Security has, under 35 U.S.C. § 271(b), indirectly infringed, and continues to indirectly infringe the '698 Patent by, *inter alia*, inducing others to make, use, sell, offer for sale, and/or import into the United States the above-mentioned products and services covered by the '698 Patent, and distributing, marketing, and/or advertising those products and web services covered by the '698 Patent in this judicial district and elsewhere in the United States.

27. The customers of Defendant Duo Security directly infringe claims 53 and 54 of the '698 Patent by, for example, using the claimed systems and directly benefiting from the use of those systems. For example, Defendant Duo Security's customers utilize the two-factor authentication system claimed in the '698 Patent for the purpose of gaining secure access to, exemplarily, various Internet websites and other secure networks.

28. Upon information and belief, Defendant Duo Security is aware that it provides its customers with products and web services that are used in a manner that infringes claims 53 and 54 of the '698 Patent.

29. Upon information and belief, through its marketing activities and through the sales and offers for sale of infringing systems and methods, Defendant Duo Security specifically intends for its customers to use its products and web services and knows that its customers are using its products and web services in an infringing manner.

30. Upon information and belief, Defendant Duo Security specifically encourages and instructs its customers to use its products and web services in a manner that Defendant Duo Security knows constitutes infringement of claims 53 and 54 of the '698 Patent.

31. As a result of Defendant Duo Security's activities, as foresaid, and its customers' activities in utilizing the systems and methods of claims 53 and 54 of the '698 Patent, Defendant Duo Security is liable for indirect infringement.

32. As a direct and proximate result of Defendant Duo Security's acts of infringing claims 53 and 54 of the '698 Patent, Plaintiff StrikeForce has suffered injury and monetary damages for which Plaintiff StrikeForce is entitled to relief in the form of damages for lost profits and in no event less than a reasonable royalty to compensate for Defendant Duo Security's infringement.

33. Upon information and belief, Defendant Duo Security has knowingly, willfully, and deliberately induced infringement of the '698 Patent in conscious disregard of Plaintiff StrikeForce's rights, making this case exceptional within the meaning of 35 U.S.C. § 285 and justifying treble damages pursuant to 35 U.S.C. § 284.

34. Defendant Duo Security will continue to induce infringement of claims 53 and 54 of the '698 Patent, causing immediate and irreparable harm to Plaintiff StrikeForce unless this Court enjoins and restrains its activities, specifically the acts of making, using, selling, and offering for sale, as outlined above. There are inadequate remedies available at law to compensate for this harm.

35. The induced infringement of claims 53 and 54 of the '698 Patent by Defendant Duo Security has, and will, deprive Plaintiff StrikeForce of sales, licensing fees, royalties, and other related revenue which Plaintiff StrikeForce would have made or would enjoy in the future; has injured Plaintiff StrikeForce in other respects; and will cause Plaintiff StrikeForce added injury and damage unless Defendant Duo Security is enjoined from inducing infringement of claims 53 and 54 of the '698 Patent for all products and web services Defendant Duo Security will make, use, offer for sale, sell, import, distribute, market, or advertise until the expiration of the '698 Patent.

## COUNT III
### (Contributory Infringement of the '698 Patent)

36. Plaintiff StrikeForce incorporates by this reference the averments set forth in paragraphs 1 through 35.

37. Defendant Duo Security has, under 35 U.S.C. § 271(c), indirectly infringed, and continues to indirectly infringe the '698 Patent by, *inter alia*, knowingly providing to its customers the Duo Two-Factor Authentication software and services, which constitute a material component of an out-of-band authentication system that was especially made or adapted for use in that system, which are not a staple article or commodity of commerce and which have no substantial, non-infringing use.

38. Upon information and belief, Defendant Duo Security had and/or has knowledge of the '698 Patent.

39. As a direct and proximate result of Defendant Duo Security's acts of infringing the '698 Patent, Plaintiff has suffered injury and monetary damages for which Plaintiff StrikeForce is entitled to relief in the form of damages for lost profits and in no event less than a reasonable royalty to compensate for Defendant Duo Security's infringement.

40. Upon information and belief, Defendant Duo Security has knowingly, willfully, and deliberately contributed to infringement of the '698 Patent in conscious disregard of Plaintiff StrikeForce's rights, making this case exceptional within the meaning of 35 U.S.C. § 285 and justifying treble damages pursuant to 35 U.S.C. § 284.

41. Defendant Duo Security will continue to contribute to infringement of the '698 Patent, causing immediate and irreparable harm to Plaintiff unless this Court enjoins and restrains Defendant Duo Security's activities, specifically the acts of making, using, selling, and offering for sale, as previously outlined. There are inadequate remedies available at law to compensate for this harm.

42. The contributory infringement of the '698 Patent by Defendant Duo Security has, and will, deprive Plaintiff StrikeForce of sales, licensing fees, royalties and other related revenue which Plaintiff StrikeForce would have made or would enjoy in the future; has injured Plaintiff StrikeForce in other respects; and will cause Plaintiff StrikeForce added injury and damage unless Defendant Duo Security is enjoined from inducing infringement of the '698 Patent on all products and web services Defendant Duo Security will make, use, offer for sale, sell, import, distribute, market, or advertise until the expiration of the '698 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, StrikeForce, respectfully requests this Court to:

A. Enter judgment for Plaintiff StrikeForce that the '698 Patent was duly and legally issued, is valid, enforceable, and has been infringed, directly and/or indirectly, by Defendant Duo Security;

B. Enter judgment for Plaintiff StrikeForce that Defendant Duo Security has willfully infringed, and is willfully infringing, claims 53 and/or 54 of the '698 Patent;

C. Order Defendant Duo Security to account in written form for and to pay to Plaintiff StrikeForce actual damages to compensate Plaintiff StrikeForce for Defendant Duo Security's infringement of the '698 Patent through and including the date of entry of the judgment on the jury's verdict, including but not limited to, damages for lost profits and in no event less than a reasonable royalty, together with interest and costs under 35 U.S.C. § 284;

D. Award Plaintiff StrikeForce treble damages due to Defendant Duo Security's deliberate, willful, and knowing conduct;

E. Issue a preliminary injunction restraining Defendant Duo Security, its directors, officers, agents, employees, successors, subsidiaries, assigns, affiliates and all persons acting in privity or in concert or participation with any of them from the continued infringement, direct or contributory, or active inducement of infringement by others, of the '698 Patent;

F. Issue a permanent injunction restraining Defendant Duo Security, its directors, officers, agents, employees, successors, subsidiaries, assigns, affiliates and all persons acting in privity or in concert or participation with any of them from the continued infringement, direct or contributory, or active inducement of infringement by others, of the '698 Patent;

G. Direct Defendant Duo Security to file with this Court, and to serve on Plaintiff StrikeForce, a written report under oath setting forth in detail the manner and form in which it has complied with the injunction;

H. In lieu of a permanent injunction, order Defendant Duo Security to pay to Plaintiff StrikeForce monetary damages that will be suffered as a result of Defendant Duo Security's continuing post-verdict infringement of the '698 Patent by requiring Defendant Duo Security to take a compulsory license at a reasonable royalty rate to be determined by the Court on all products that it makes, uses, offers for sale, sells, imports, distributes, markets, or advertises that infringe the '698 Patent until the expiration of the '698 Patent, which royalty payments shall commence three months after entry of the judgment and shall be made quarterly thereafter, and shall be accompanied by an accounting of the sales of infringing products by the Defendant Duo Security;

I. Order such other measures in the form of audit rights, interest on late payments, and appropriate security to protect Plaintiff StrikeForce's rights;

J. Order Defendant Duo Security to pay Plaintiff StrikeForce its costs, expenses, and fees, including reasonable attorneys' fees pursuant to 35 U.S.C. § 285, and pre-judgment and post-judgment interest at the maximum rate allowed by law; and

K. Grant Plaintiff StrikeForce such other and further relief as the Court may deem just and proper.

Dated: June 20, 2016

            **BLANK ROME LLP**

      By:   */s/ Seth J. Lapidow*
          Seth J. Lapidow
          301 Carnegie Center, 3rd Floor
          Princeton, NJ 08540
          Tel.: (609) 750-2644
          Fax: (609) 897-7284
          E-mail: Lapidow@BlankRome.com

          Nicholas R. Tambone (*pro hac vice application forthcoming*)

The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Telephone: (212) 885-5120
Fax: (917) 332-3023
NTambone@BlankRome.com
*Attorneys for Plaintiff*


OF COUNSEL FOR PLAINTIFF
STRIKEFORCE TECHNOLOGIES, INC.

Charles R. Wolfe, Jr.
Ameya V. Paradkar
**BLANK ROME LLP**
600 New Hampshire Ave NW, Suite 1200
Washington, DC  20037
Telephone:  (202) 772-5800
E-mail:  Wolfe@BlankRome.com

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands that the issues in this case be tried by a jury.

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

The undersigned certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated:  June 20, 2016

                                                  **BLANK ROME LLP**

By:    */s/ Seth J. Lapidow*
Seth J. Lapidow
301 Carnegie Center, 3rd Floor
Princeton, NJ  08540
Tel.:  (609) 750-2644
Fax:  (609) 897-7284
E-mail:  Lapidow@BlankRome.com

Nicholas R. Tambone (*pro hac vice application forthcoming*)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Telephone: (212) 885-5120
Fax: (917) 332-3023
NTambone@BlankRome.com
*Attorneys for Plaintiff*

OF COUNSEL FOR PLAINTIFF
STRIKEFORCE TECHNOLOGIES, INC.

Charles R. Wolfe, Jr.
Ameya V. Paradkar
**BLANK ROME LLP**
600 New Hampshire Ave NW, Suite 1200
Washington, DC  20037
Telephone:  (202) 772-5800
E-mail:  Wolfe@BlankRome.com