**BLANK ROME LLP**
*A Pennsylvania LLP*
Jonathan M. Korn
New Jersey Resident Partner
301 Carnegie Center, 3rd Floor
Princeton, NJ  08540
Telephone: (609) 750-7700

**BLANK ROME LLP**
Charles R. Wolfe, Jr. *(pro hac vice)*
Salvatore P. Tamburo *(pro hac vice)*
Ameya V. Paradkar *(pro hac vice)*
David E. Anderson *(pro hac vice)*
1825 Eye Street NW
Washington, DC 20006
Telephone:  (202) 420-2200

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STRIKEFORCE TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DUO SECURITY INC., CENTRIFY CORP. and TRUSTWAVE HOLDINGS, INC. <br><br> Defendants. | Case No. 2:16-cv-03571-JMV-MF <br><br> Hon. John Michael Vazquez <br><br> LEAD CASE <br><br> *Electronically Filed* <br><br> Return Date: July 17, 2017 |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE UNDER *TC HEARTLAND*

## <u>TABLE OF CONTENTS</u>

<b>Page</b>

I.     INTRODUCTION ................................................................................................1

II.    BACKGROUND ...............................................................................................3

     A.    Recent Supreme Court Decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC* ...............................................................................3

     B.    Procedural Background of the Present Case ...............................................5

III.   ARGUMENT ...................................................................................................8

     A.    Defendants Waived the Right to Raise Improper Venue Under 28 U.S.C. § 1406 .8

         1.    Defendants Waived a Venue Challenge Because it was Never Raised as an Affirmative Defense .......................................................10

         2.    Defendants Waived a Venue Challenge Because Their Objections Were Untimely and Insufficient ...............................................11

         3.    Defendants Waived a Venue Challenge Because They Did Not Move to Dismiss Based on Their Purported Objections Before *TC Heartland* ...16

     B.    *TC Heartland* Does Not Qualify as Intervening Law to Excuse Defendants' Waiver ................................................................................18

     C.    Even If Not Waived, Defendants Have Not Met Their Burden of Demonstrating Improper Venue .............................................................21

     D.    This Court's Decision Will Be Reviewed for Abuse of Discretion ......................23

     E.    If Defendants' Motion Is Granted, the Court Should Exercise Its Discretion to Transfer Rather Than Dismiss .............................................24

IV.   CONCLUSION ................................................................................................25

121172.00605/105869154v.1

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Altin Havayolu Tasamaciligi Turizm Ve Tic v. Sinnarajah*,
   No. 3:07-CV-06475, 2008 WL 691851 (N.D. Cal. Mar. 12, 2008) ........................................24

*Amax, Inc. and Worktools, Inc. v. Acco Brands Corp.*,
   No. 1:16-CV-10695, 2017 WL 2818986 (D. Mass. June 29, 2017) .............................. *passim*

*Bockman v. First Am. Mktg. Corp.*,
   459 F. App'x 157 (3d Cir. 2012) ..............................................................................21

*The Chamberlain Group, Inc. v. Techtronic Industries Co., Ltd., et al.*,
   No. 1:16-CV-06097 (N.D. Ill. June 28, 2017) .................................................... *passim*

*Cobalt Boats, LLC v. Sea Ray Boats, Inc.*,
   No. 2:15-CV-00021, 2017 WL 2556679 (E.D. Va. June 7, 2017) ................................ *passim*

*Composite Resources Inc. v. Recon Medical LLC*,
   No. 0:17-CV-00273 (D.S.C. June 26, 2017).........................................................2, 5, 19, 21

*In re Cordis Corp.*,
   769 F.2d 733 (Fed. Cir. 1985)..................................................................................22

*Davis v. Omitowoju*,
   883 F.2d 1155 (3d Cir. 1989)...................................................................................20

*Elbit Systems Land v. Hughes Network Systems, LLC*,
   No. 2:15-CV-00037, 2017 WL 2651618 (E.D. Tex. June 20, 2017) ............................ *passim*

*Feingold v. State Farm Mut. Auto. Ins. Co.*,
   629 F. App'x 374 (3d Cir. 2015) ..............................................................................23

*Gogolin & Stelter v. Karn's Auto Imports, Inc.*,
   886 F.2d 100 (5th Cir. 1989) ..................................................................................23

*iLife Tech., Inc. v. Nintendo of America, Inc.*,
   No. 3:13-CV-04987, 2017 WL 2778006 (N.D. Tex. June 27, 2017)............................2, 5, 19

*Jadue v. Chertoff*,
   No. 4:06-CV-00053, 2006 WL 1515661 (N.D. Ohio May 30, 2006) .....................................24

*Manley v. Engram*,
   755 F.2d 1463 (11th Cir. 1985) ................................................................................9

121172.00605/105869154v.1

*Myers v. Am. Dental Ass'n*,
  695 F.2d 716 (3d Cir. 1982)............................................................................21

*Nippon Steel & Sumitomo Metal Corp. v. POSCO*,
  No. 2:12-CV-02429, 2014 WL 3446757 (D.N.J. July 10, 2014) ....................13, 14

*Raytheon Company v. Cray, Inc.*,
  No. 2:15-CV-01554, 2017 WL 2813896 (E.D. Tex. June 29, 2017) ..................22

*Sharp v. Johnson*,
  669 F.3d 144 (3d Cir. 2012)............................................................................23

*Slim CD, Inc. v. Heartland Payment Sys., Inc.*,
  No. 3:06-CV-02256, 2007 WL 2459349 (D.N.J. Aug. 24, 2007) ................9, 13, 14

*Soo Line R. Co. v. St. Louis Sw. Ry. Co.*,
  125 F.3d 481 (7th Cir. 1997) ..........................................................................12

*Srour v. Department of Homeland Sec.*,
  No. 1:09-CV-00762, 2009 WL 2709934 (E.D. Va. Aug. 25, 2009) ..................24

*St. Clair Intellectual Prop. Consultants, Inc. v. Mirage Sys.*,
  419 F. Supp. 2d 620 (D. Del. Mar. 8, 2006) ....................................................21

*Stonite Products Co. v. Melvin Lloyd Co.*,
  315 U.S. 561 (1947)...................................................................................4, 18

*StrikeForce Tech., Inc. v. Centrify Corp.*,
  No. 2:16-CV-03574, D.I. 22 (D.N.J. Sept. 19, 2016) .........................................7

*StrikeForce Tech., Inc. v. Trustwave Holdings, Inc.*,
  No. 2:16-CV-03573, D.I. 14 (D.N.J. Aug. 11, 2016) .......................................7, 8

*Stutes v. Tipto*,
  540 F. Supp. 2d 516 (D. Vt. Feb. 8, 2008)........................................................24

*In re TC Heartland LLC*,
  821 F.3d 1338 (Fed. Cir. 2016).....................................................................4, 6

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
  137 S. Ct. 1514 (2017)......................................................................... *passim*

*Teague v. Lane*,
  489 U.S. 288 (1989)........................................................................................20

*Textron, Inc. v. Maloney-Crawford Tank & Mfg. Co.*,
  252 F. Supp. 362 (S.D. Tex. Feb. 11, 1966) .....................................................15

121172.00605/105869154v.1

*Thomas Glob. Grp. L.L.C. v. Watkins*,
   No. 2:13-CV-04864, 2016 WL 706194 (D.N.J. Feb. 22, 2016) ................................10, 11, 21

*Thomas v. FTS USA, LLC*,
   No. 3:13-CV-00825, 2016 WL 3566657 (E.D. Va. June 24, 2016) ................................10, 11

*United States v. Ziegler Bolt & Parts Co.*,
   111 F.3d 878 (Fed. Cir. 1997)................................................................................................23

*VE Holding v. Johnson Gas Appliance*,
   917 F.2d 1574 (Fed. Cir. 1990)................................................................................4, 5, 6, 20

*Westech Aerosol Corp. v. 3M Company, et al.*,
   No. 3:17-CV-05067, 2017 WL 2671297 (W.D. Wash. June 21, 2017) ................................5

*Williamson-Dickie Mfg. Co. v. M/V HEINRICH J*,
   762 F. Supp. 2d 1023 (S.D. Tex. Jan. 31, 2011)................................................................15, 16

*Wolf Network, LLC v. AML Diagnostics, Inc.*,
   No. 3:15-CV-03797-B, 2016 WL 1357742 (N.D. Tex. Apr. 5, 2016) ................................24

*Wordtech Sys. Inc. v. Integrated Network Sols., Corp.*,
   No. 2:04-CV-01971, 2014 WL 2987662 (E.D. Cal. July 1, 2014)................................16

*Young Again Products, Inc. v. Acord*,
   459 Fed. Appx. 294 (4th Cir. 2011)................................................................................12

## Statutes

28 U.S.C. § 1391(a) ................................................................................................23

28 U.S.C. § 1391(c) ................................................................................................3, 4, 6

28 U.S.C. § 1400(b) ................................................................................................ *passim*

28 U.S.C. § 1406................................................................................................2, 8, 9, 17

## Other Authorities

Fed. R. Civ. P. 12(b)(3)................................................................................................10, 11

## I.    INTRODUCTION

The entire premise of Defendants' motion to transfer is that the recent Supreme Court decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017) is a change in the law of patent venue.  Defendants tell this Court that *TC Heartland* is a "fundamental change to the prevailing law on patent venue."  Motion at 1.  The very title of their motion mentions the new case.  Unfortunately for Defendants, according to the Supreme Court itself, *TC Heartland* did not change the law.  The Supreme Court could not have been more clear that it was reaffirming the fact that patent venue law has essentially not changed since *Fourco*.  *TC Heartland*, 137 S. Ct. at 1515, 1520.  Since *TC Heartland* was decided, three district courts with extensive patent experience agreed that *TC Heartland* is not a change in the law.  The first case, *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15-CV-00021, 2017 WL 2556679 (E.D. Va. June 7, 2017), was cited in Defendants' motion, but Defendants neglected to tell this Court that in deciding *Cobalt*, the Eastern District of Virginia unambiguously found that *TC Heartland* "does not qualify for the intervening law exception to waiver [of a venue challenge] because it merely reaffirms the viability of *Fourco*."  *Id.* at *3 (also noting that "[b]ased on the Supreme Court's holding in *TC Heartland*, *Fourco* has continued to be binding law since it was decided in 1957, and thus, it has been available to every defendant since 1957").  The Eastern District of Texas agreed with *Cobalt* that *TC Heartland* did not change the law of venue and thus it did not excuse defendant's waiver of its venue challenge.  *Elbit Systems Land v. Hughes Network Systems, LLC*, No. 2:15-CV-00037, 2017 WL 2651618, at *18-21 (E.D. Tex. June 20, 2017).  The Northern District of Illinois agreed with both of these decisions, stating that "*TC Heartland* did not represent a change in the law that would excuse waiver."  *The Chamberlain Group, Inc. v. Techtronic Industries Co., Ltd., et al.*, No. 1:16-CV-06097, at *3 (N.D. Ill. June 28, 2017) (Exhibit 1).  In addition to these three districts, three other districts—the Northern District of Texas, the District of South Carolina, and the District of

Massachusetts—also agreed that *TC Heartland* was not an intervening change in law.[1]   All of these post-*TC Heartland* cases are diametrically opposed to the theme of Defendants' motion.

Defendants realize they need to convince this Court that *TC Heartland* is new law because they each waived their ability to challenge venue.  Defendants attempt to evade the waiver issue by ignoring key facts regarding the procedural history of this case.  For example, Defendants fail to mention that Duo admitted venue was proper in its original Answer.  Defendants also neglect to mention they failed to raise improper venue as an affirmative defense, as required by this Court. But even if this Court's pleading requirements could be ignored, Defendants' objections are still untimely and/or insufficient as required for a motion under 28 U.S.C. § 1406.  For Duo's part, its express admission that venue was proper waived any venue objection.  Duo's eventual change in position on venue did not overcome its waiver because such a dramatic change in position required leave of the Court, which Duo did not seek.  As for Trustwave and Centrify, their alleged objections to venue are at most general denials of a paragraph of the Complaint, which do not come close to preserving the issue.  Finally, even assuming Defendants' objections were timely and sufficient, they still waived a venue challenge because, although they objected to venue before *TC Heartland*—and presumably disagreed that venue was proper in this district—they did nothing about it until after *TC Heartland* was decided.  As the post-*TC Heartland* caselaw demonstrates, if these Defendants truly believed venue was improper before *TC Heartland* was decided, it was incumbent on them to do something about it at that time.  Their failure to act constitutes a waiver.

---

[1] *iLife Tech., Inc. v. Nintendo of America, Inc.*, No. 3:13-CV-04987, 2017 WL 2778006 (N.D. Tex. June 27, 2017); *Composite Resources Inc. v. Recon Medical LLC,* No. 0:17-CV-00273 (D.S.C. June 26, 2017) (Exhibit 2); *Amax, Inc. and Worktools, Inc. v. Acco Brands Corp.*, No. 1:16-CV-10695, 2017 WL 2818986 (D. Mass. June 29, 2017).

In the unlikely event the Court reaches the question of proper venue on the merits—and in light of Defendants' waiver, it need not—Defendants' motion should still be denied because Defendants have not met their burden of establishing venue is improper in this district under the second prong of 28 U.S.C. § 1400(b), which was not impacted by *TC Heartland*.  The declarations filed by Defendants admit to having multiple employees in New Jersey but then assert that none of the Defendants has an office in New Jersey.  This is far from dispositive in establishing whether Defendants have "a regular and established place of business" as required by the statute.  At the very least, StrikeForce is entitled to take limited discovery regarding Defendants' respective business activities in New Jersey before the motion is decided.    Lastly, should the Court grant Defendants' motion, it should exercise its discretion to transfer the cases and not dismiss them.

## II.    BACKGROUND

### A.    Recent Supreme Court Decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*

On May 22, 2017, the Supreme Court issued its decision in *TC Heartland*, affirming its prior decision in *Fourco Glass Co.* v. *Transmirra Products Corp.*, 353 U.S. 222, 226 (1957) that the definition of "resides" in the patent venue statute, 28 U.S.C. § 1400(b), is *only* the state of incorporation for domestic corporations, and that it never included, from the general venue statute, 28 U.S.C. § 1391(c), anywhere that a defendant is subject to personal jurisdiction, as the Federal Circuit wrongly concluded.  *TC Heartland*, 137 S. Ct. at 1519-20.  In doing so, the Supreme Court noted that the patent venue statute had not changed since its 1957 decision in *Fourco*, that Congress had not shown it intended to change its decision in *Fourco*, and, thus, *Fourco* was still the law.  *Id.* at 1520-21.

By way of background, the patent venue statute was enacted in 1897 and was recodified in 1948, as 28 U.S.C. § 1400(b).  *Id.* at 1518-19.  Section 1400(b) states that venue in patent

infringement lawsuits is proper either (1) "in the judicial district where the defendant resides," or (2) "where the defendant has committed acts of infringement and has a regular and established place of business." The only difference between the predecessor statute and the recodified section 1400(b) is that the predecessor statute provided for proper venue where the defendant was an "inhabitant" rather than where the defendant "resides." *Id.* Like "resides," however, "inhabitant" was understood to mean *only* the state of incorporation for corporate entities. *Id.* at 1519. Thus, the patent venue statute has remained essentially unchanged for 120 years.

The Supreme Court's interpretation of the patent venue statute has been consistent for decades. In *Stonite Products Co. v. Melvin Lloyd Co.*, 315 U.S. 561 (1947), the Supreme Court held that the predecessor patent venue statute is "the exclusive provision controlling venue in patent infringement proceedings" and thus was not supplemented or modified by the general venue provisions. *Id.* at 563. In *Fourco*, the Supreme Court confirmed that *Stonite* applied to the recodified statute, section 1400(b), holding that "residence" for domestic corporations was *only* the place of incorporation and that its definition should not be taken from the general venue statute. *Fourco*, 353 U.S. at 226.

In *VE Holding v. Johnson Gas Appliance*, 917 F.2d 1574 (Fed. Cir. 1990), the Federal Circuit incorrectly held that a 1988 amendment to the general venue statute, 28 U.S.C. § 1391(c), nullified *Fourco*. *TC Heartland*, 137 S. Ct. at 1519-20. In *In re TC Heartland LLC*, 821 F.3d 1338 (Fed. Cir. 2016), the Federal Circuit held that certain 2011 amendments to the general venue statute provided no basis to reconsider its prior decision in *VE Holding*. *TC Heartland*, 137 S. Ct. at 1520.

In *TC Heartland*, the Supreme Court rejected the Federal Circuit's affirmation of *VE Holding* and re-affirmed its prior holding in *Fourco*, stating that "[i]n *Fourco*, this Court

4

definitively and unambiguously held that the word 'reside[nce]' in § 1400(b) has a particular meaning as applied to domestic corporations: It refers only to the State of incorporation. Congress has not amended § 1400(b) since *Fourco*." *Id.* at 1520.  The Court further noted there was no evidence that Congress intended that the 2011 amendment to the general venue statute, relied on the by Federal Circuit, should change the Supreme Court's decision in *Fourco*. *Id.* at 1521.  Thus, the Supreme Court held that its 1957 decision in *Fourco* continues to be the law, and the Federal Circuit incorrectly affirmed its prior decision in *VE Holding*.

Since the Supreme Court's *TC Heartland* decision, three influential patent districts—the Eastern District of Texas, the Eastern District of Virginia and the Northern District of Illinois— have held that *TC Heartland* was not an intervening change in law that excused waiver of venue. *See Cobalt Boats,* 2017 WL 2556679; *Elbit Systems*, 2017 WL 2651618; *The Chamberlain Group*, No. 1:16-CV-06097 (Exhibit 1).  In addition to those decisions, three other districts—the Northern District of Texas, the District of South Carolina, and the District of Massachusetts—adopted the same view that *TC Heartland* is not an intervening change in the law that excuses waiver.  *See iLife Tech.*, 2017 WL 2778006; *Composite Resources*, No. 0:17-CV-00273 (Exhibit 2); *Amax*, 2017 WL 2818986.  In light of these six recent decisions,[2] Defendants cannot argue their waiver is excused in light of *TC Heartland*.

## B.    Procedural Background of the Present Case

In April 2016, two months before this lawsuit was filed in June 2016, the Federal Circuit decided *In re TC Heartland LLC*, where it incorrectly affirmed its prior decision in *VE Holding*. For months before and after that decision, the patent litigation world had been abuzz with the

---

[2] Only one court has expressed a differing opinion.  *Westech Aerosol Corp. v. 3M Company, et al.*, No. 3:17-CV-05067, 2017 WL 2671297 (W.D. Wash. June 21, 2017).  However, the Western District of Washington issued its opinion before most of the other six decisions issued.

prospect that the Federal Circuit's interpretation of patent venue, as expressed in *VE Holding*, would be rejected and that the Supreme Court would reaffirm its prior decision in *Fourco,* such that a corporate defendant resides only where it is incorporated.  *See* Jayme Partridge, Todd Patterson & Kyrie Cameron, *Fed. Circ. Clarifies Venue Selection in Patent Cases* (May 2, 2016), https://www.law360.com/articles/791027/print?section=appellate  (last  visited  July  1,  2017) (Exhibit 6); Vera Ranieri, *Federal Circuit Declines to Fix Forum Shopping in Patent Cases, Reform  Still  Needed*  (Apr.  29,  2016),  https://www.eff.org/deeplinks/2016/04/federal-circuit-declines-fix-forum-shopping-patent-cases-reform-still-needed (last visited July 1, 2017) (Exhibit 7);  Dennis  Crouch,  *Venue  Challenges  Part  2*  (July  15,  2016), https://patentlyo.com/patent/2016/07/venue-challenges-part.html  (last  visited  July  2,  2017) (Exhibit 8); Ryan Davis, *Fed. Circ. Refuses To Restrict Venue In Patent Cases* (Apr. 29, 2016), https://www.law360.com/articles/790753/print?section=appellate  (last  visited  July  2,  2017) (Exhibit 9); *Here, There, and Everywhere: Jurisdiction & Venue in Patent Cases*, Shook Hardy & Bacon  (Apr.  30,  2016),  http://www.lexology.com/library/detail.aspx?g=e6fd3ae2-9dd2-4ef8-8950-50f7a69973d7 (last visited July 2, 2017) (Exhibit 10); Joe Mullin, *Patent Defendants Won't Receive a "Get Out of East Texas Free" Card* (Apr. 29, 2016), https://arstechnica.com/tech-policy/2016/04/patent-appeals-court-rejects-challenge-to-venue-rules/ (last visited July 2, 2017) (Exhibit 11); Doris J. Hines & Andrew Strickland, *TC Heartland and the (Maybe) Changing Patent Venue Rules* (Mar. 14, 2016),  https://www.law360.com/articles/766271/ (last visited July 2, 2017) (Exhibit 12); Evan Boetticher, *Residency Definition in 28 USC § 1391(c) Still Controls IP  Venue  for  §  1400(b)*  (Apr.  29,  2016),  http://www.natlawreview.com/article/residency-definition-28-usc-1391c-still-controls-ip-venue-1400b (last  visited  July  2,  2017)  (Exhibit 13); Ryan  Davis,  *The  Top  Patent  Cases  of  2016:  Midyear  Report*  (July  6,  2016),

https://www.law360.com/articles/812729/ (last visited July 2, 2017) (Exhibit 14); *TC Heartland case: Federal Circuit refuses to limit patent venue choice* (Apr. 29, 2016), http://www.worldipreview.com/news/tc-heartland-case-federal-circuit-refuses-to-limit-patent-venue-choice-9955 (last visited July 2, 2017) (Exhibit 15).   Indeed, several articles published before Defendants filed their Answers, in August and September 2016, discussed the possibility of a Supreme Court review of *TC Heartland*.  *See* Exhibit 6; Exhibit 7; Exhibit 8.

Despite these strong and well-known indicators that *TC Heartland* might have some alleged impact on patent venue, one would not know it based on Defendants' respective answers. Far from objecting to venue, Duo admitted venue was proper, stating "[f]or purposes of this litigation, **Duo admits that venue is proper in this District** and that the Court has personal jurisdiction over Duo.  D.I. 19 (emphasis added).[3]  Centrify and Trustwave did no better, merely stating a general denial that venue was proper, without any explanation.  *StrikeForce Tech., Inc. v. Centrify Corp.*, No. 2:16-CV-03574, D.I. 22 (D.N.J. Sept. 19, 2016); *StrikeForce Tech., Inc. v. Trustwave Holdings, Inc.*, No. 2:16-CV-03573, D.I. 14 (D.N.J. Aug. 11, 2016) ("Paragraph 7 contains legal conclusions to which no answer is required. To the extent a response is required, [Trustwave/Centrify] denies the allegations in paragraph 7.").  Notably, not one of the Defendants raised improper venue as an affirmative defense in their Answers, which, as described below, is required by this Court.

On November 23, 2016, StrikeForce timely served its infringement contentions on each of the Defendants.  While the original complaints specifically identified only patent claims 53 and 54 of the '698 patent, the infringement contentions described in detail how several other claims are

---

[3] In their Motion, Defendants neglected to mention Duo's admission, quoting only from Duo's Answer to the Amended Complaint.

also infringed.  Out of an abundance of caution, StrikeForce sought to file an amended complaint that expressly identified these additional patent claims included in its Infringement Contentions. StrikeForce asked the Defendants if they would oppose a motion for leave to amend the complaint, and each Defendant stated they would not oppose.  StrikeForce moved for leave before the January 24, 2017 deadline (D.I. 31) for doing so, and leave was granted.  D.I. 46.  StrikeForce filed its Amended Complaints on February 1, 2017, which added only the additional patent claims from the Infringement Contentions.  Nothing else changed in the Amended Complaints.

On February 14 and 15, 2017, Defendants filed their Answers to the Amended Complaints. D.I. 49; D.I. 51; *StrikeForce v. Trustwave*, No. 2:16-CV-03573, D.I. 33.  Trustwave and Centrify responded to the venue paragraphs with the identical general denial included in their first answers. *StrikeForce v. Trustwave*, No. 2:16-CV-03573, D.I. 33, at ¶ 7; D.I. 49, at ¶ 7.  Duo, however, did an about-face on venue.  Rather than admitting venue is proper, Duo's second answer *denied* that venue is proper because "Duo is not incorporated in New Jersey and therefore denies that it resides in New Jersey for purposes of 28 U.S.C. §1400(b)."[4] D.I. 51, at ¶ 8.  As with the Answers to the original Complaints, none of the Defendants raised improper venue as an affirmative defense in their Answers to the Amended Complaints.

## III.    ARGUMENT

### A.    Defendants Waived the Right to Raise Improper Venue Under 28 U.S.C. § 1406

Section 1406(b) allows for transfer only where the defendant raised a "timely and sufficient objection to the venue."  "Once objections to venue are waived by the parties, any defect in venue is cured, and the benefits of a § 1406(a) transfer for lack of venue are no longer available."  *Manley*

---

[4] Duo's Answer to the Amended Complaint also denied that any acts of infringement had occurred in the District for purposes of venue.  D.I. 51, at ¶ 8.

121172.00605/105869154v.1

*v. Engram*, 755 F.2d 1463, 1468 (11th Cir. 1985). Defendants' Motion summarily asserts that Defendants preserved the right to move to transfer or dismiss based on improper venue by "objecting to venue" and "denying Plaintiff's allegations that venue was proper" in their respective answers. Motion at 10. Defendants are wrong. Their respective attempts to preserve any challenge to venue were wholly inadequate and, as a result, each Defendant waived its ability to move to dismiss or transfer for improper venue at this time.

As an initial matter, each of the Defendants failed to raise improper venue as an affirmative defense in their answers, as required by this Court. But even if this Court's rules were ignored, the responsive paragraphs in Defendants' respective answers still fail to raise timely or sufficient venue objections. Duo waived its right to challenge venue for an additional reason. It *admitted venue was proper* in its Answer to the original Complaint, then objected to venue in its Answer to the Amended Complaint. But as explained below, Duo cannot have it both ways. Its original admission that venue was proper acted as a waiver. Duo's eventual about-face in its Answer to the Amended Complaint was also untimely and improper because it attempted to object to venue without seeking leave, while the Amended Complaint to which it responded did not change the scope or theory of the case. *Slim CD, Inc. v. Heartland Payment Sys., Inc.*, No. 3:06-CV-02256, 2007 WL 2459349, at *7 (D.N.J. Aug. 24, 2007). In addition, Trustwave's and Centrify's Answers include only vague general denials, which are not nearly sufficient to qualify as a timely objection to venue.

But even if Defendants' purported objections were timely and sufficient, Defendants still waived the ability to challenge venue because they never moved on these purported objections, and instead waited more than four months until after the Supreme Court's decision in *TC Heartland*.

1.    Defendants Waived a Venue Challenge Because it was Never Raised as an
Affirmative Defense

Defendants did not move to dismiss for improper venue under Fed. R. Civ. P.  12(b)(3).

This Court has held that a defendant who fails to move to dismiss for improper venue under Rule

12(b)(3) waives the issue unless it is raised as an affirmative defense in the responsive pleading.

In *Thomas Glob. Grp. L.L.C. v. Watkins*, No. 2:13-CV-04864, 2016 WL 706194 (D.N.J. Feb. 22,

2016), this Court held that raising the objection to venue in responsive paragraphs was insufficient,

and that improper venue is waived unless it is raised as an affirmative defense.   There, unlike

Defendants here, the defendant made a substantial and detailed objection to venue in its responsive

paragraphs, but did not include improper venue as one of several affirmative defenses listed in the

answer.  *See* Exhibit 3 at 2, 19.  This Court held that because the defendants "had the opportunity

to raise the affirmative defenses of lack of jurisdiction or improper venue in a pre-answer motion

or in their Answer [but] did not do so," the defendants "have waived these defenses forever."

*Thomas Glob.*, 2016 WL 706194, at *3.  Based on this, this Court denied the defendants' motion

to dismiss for improper venue.

This rule is not unique to this Court.  In *Thomas v. FTS USA, LLC*, No. 3:13-CV-00825,

2016 WL 3566657 (E.D. Va. June 24, 2016), the Eastern District of Virginia found that the

defendants waived venue where "Defendants do not mention the issue of venue in the twenty

'defenses' pled in their Answer," even though they denied the venue-related paragraphs in the

complaint.  *Id*. at *13.

Like the defendants in *Thomas Glob.* and *Thomas*, Defendants in this case did not move to

dismiss under Rule 12(b)(3), nor did they raise any objection to venue as an affirmative defense in

their respective Answers.  To the extent objections to venue were raised in the Answers,[5] as in *Thomas Glob.* and *Thomas*, those objections were made only in the responsive paragraphs, which does not preserve the issue.  For this reason alone, Defendants have waived any challenge to improper venue and the motion should be denied.

> 2.   <u>Defendants Waived a Venue Challenge Because Their Objections Were Untimely and Insufficient</u>

Even if this Court's requirements are ignored and Defendants are not required to plead improper venue as an affirmative defense, they still waived their ability to challenge venue because their purported objections are untimely and insufficient for the reasons described below.

> a.   *Duo Admitted Venue Is Proper*

Duo waived any venue challenge at least because Duo admitted that venue was proper in its Answer to the original Complaint.  While Duo eventually objected to venue in its Answer to the Amended Complaint several months later, Duo cannot have it both ways.

In a recent post-*TC Heartland* decision, the patent-savvy Eastern District of Texas held that a defendant waived a venue challenge for this very same reason.  In that case, as in this case, the defendant admitted that venue is proper, stating in its answer that it "does not contest that venue is proper for Hughes in this District . . . ." *Elbit Systems*, 2017 WL 2651618, at *19.  The defendant in *Elbit Systems* also attempted to reserve its right to raise improper venue at a later time, stating that it "reserves the right to contest that venue is proper in this District based on *In re TC Heartland*, Case No. 16-0105, currently pending before the Federal Circuit. . . ." *Id.*

The Eastern District of Texas, however, found that the defendant waived its ability to challenge venue based on its original admission that venue was proper.  That court stated the

---

[5] As described below, any objections in responsive paragraphs were not sufficient and timely, thereby waiving the venue challenge.

defendant "has 'fallen victim to the well-settled rule that a party is bound by what it states in its pleadings.'" *Id.* at *20 (quoting *Soo Line R. Co. v. St. Louis Sw. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997)).  In requiring that the defendant be bound by its admission, the court stated that "[t]o conclude otherwise would undermine the purpose of Rule 12(g) and (h) to promote efficiency and finality."  *Id.*; *see also Young Again Products, Inc. v. Acord*, 459 Fed. Appx. 294, 306 (4th Cir. 2011) (holding that the defendant waived any objection to venue by admitting in its answer that venue was proper).  Just like the defendant in *Elbit Systems*, Duo is "bound by its pleadings" and its admission that venue is proper serves as a waiver to any later objection to venue.  For at least this additional reason, Duo waived its ability to challenge venue now.

> b.     *Duo's Attempt to Object to Venue in its Answer to the Amended Complaint Was Improper and/or Untimely*

Even assuming Duo could get past the two above-explained reasons why it already waived any venue challenge, Duo still waived for yet another reason—its objection to venue was both improper and untimely.

As explained above, StrikeForce's Amended Complaint only identified additional claims from the '698 patent to be added to an existing patent infringement count included in its original Complaint.  *Supra* at 7-8.  The change was made to have the complaint match the Infringement Contentions.  While the original Complaint and Amended Complaint were identical with regard to venue, Duo's Answer to the Amended Complaint added an objection to venue.  Duo was required to move for leave to make such a change, and did not.  Thus, the objection to venue was improper and untimely.

As this Court has noted, "an amended response may be filed without leave *only* when the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response *must* reflect the breadth of the changes in the amended complaint."  *Slim*

*CD*, 2007 WL 2459349, at *6 (emphasis added).  In that case, this Court found that plaintiff's amended complaint changed the theory of the case where a new count was added, and therefore allowed defendants to raise new defenses and counterclaims without seeking leave to amend.  *Id.* at *7.

This Court again applied the same test set in *Nippon Steel & Sumitomo Metal Corp. v. POSCO*, No. 2:12-CV-02429, 2014 WL 3446757 (D.N.J. July 10, 2014).  In that case, the original complaint contained counts of infringement of four patents, but the amended complaint added counts for false advertising, unfair competition and violation of New Jersey Fair Trade Act, N.J.S.A. 56:4.1.  *Id.* at *1.  Finding that plaintiff's amended complaint changed the theory and scope of the case because it added three new counts with three completely new theories of liability, this Court allowed the defendant to add new defenses without seeking leave.  *Id.* at *2–3.

Much to the contrary, here, StrikeForce's Amended Complaint did not add a single new count.  It simply identified additional claims from the '698 patent to be added to the existing count of patent infringement.  Thus, unlike the plaintiffs in *Nippon Steel* and *Slim CD*, StrikeForce's Amended Complaint did not change the theory or scope of the case.[6]

Because StrikeForce's Amended Complaint did not change the theory or scope of the case, Duo was required to seek leave to add its objection to venue.  *Slim CD*, 2007 WL 2459349, at *6.  Duo, however, did not seek leave, and in fact could not have sought leave as the deadline to amend the pleadings had passed.  *See* D.I. 31, at ¶ 16 (setting January 24, 2017 as the deadline for seeking

---

[6] Not only was adding the additional '698 patent claims not an expansion of theory or scope, but these additional claims were already identified in Plaintiff's Infringement Contentions served two months before the deadline to amend the pleadings.  Thus, if Defendants believed adding the claims was beyond the scope of the original Complaint, they could have moved to strike the new claims from the Infringement Contentions, but did not.  Thus, everyone was in agreement that the additional claims did not expand the scope of the lawsuit.

121172.00605/105869154v.1

leave to amend pleadings).  Duo's objection to venue, therefore, is untimely and improper, and thus, waived.[7]

But even if StrikeForce's Amended Complaint *did* change the theory or scope of the case—and it did not—Duo's about-face on venue in its Answer to the Amended Complaint was still improper because it clearly does not "reflect the breadth of the changes in the Amended Complaint." *Nippon Steel*, 2014 WL 3446757, at *2–3.  Duo's change in venue is completely unrelated to, and therefore does not "reflect the breadth of," adding claims from the '698 patent to an existing patent infringement count.  For this additional reason, Duo's objection to venue in its Answer to the Amended Complaint is improper and waived.

       c.     *Trustwave's and Centrify's General and Vague Denials Do Not Qualify as Objections to Venue*

As described above, in both of its Complaints, StrikeForce alleged the following regarding venue:  "7.  Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and § 1400(b), because Defendant is subject to personal jurisdiction in this judicial district."  Defendants Trustwave and Centrify both answered this paragraph by stating:  "Paragraph 7 contains legal conclusions to which no answer is required. To the extent an answer is required, [Trustwave/Centrify] denies the allegations of paragraph 7."  *Supra* at 7.  Therefore, Trustwave and Centrify, at best, make only a general

---

[7] To the extent Duo argues that it could not have asserted its venue objection earlier than it did, that is belied by the facts.  When Duo filed its first Answer on August 11, 2016, admitting that venue was proper, *TC Heartland* was already well-known industry-wide.  *Supra* at 6-7.  And nothing changed during the time between the first and second Answers that would have required Duo to flip its response on venue from an admission to a denial based on state of incorporation. To the extent Duo points to certiorari being granted in *TC Heartland*, that occurred on December 14, 2016.  Duo had well over a month before the January 24, 2017 deadline for motions for leave to amend pleadings, but did nothing, sitting on its admission that venue was proper.  Only after StrikeForce amended its Complaint did Duo add a venue objection to its second Answer.  This was two months after certiorari was granted in *TC Heartland* and six months after Duo's original Answer.

denial of venue.  Courts have regularly held that such general denials are insufficient to avoid waiving a venue challenge.

For example, in *Textron, Inc. v. Maloney-Crawford Tank & Mfg. Co.*, 252 F. Supp. 362 (S.D. Tex. Feb. 11, 1966), the court held that the defendant waived venue because the following "general denial is not sufficient to raise a question of venue:"

> Answering Paragraph 4 of the Complaint, defendant admits that the Complaint purports to state a cause of action under the patent laws of the United States, U.S. Code Title 28, Sections 1338 and 1400. Defendant, however, is without knowledge or information sufficient to form a belief as to the truth of the allegations thereof and therefore denies the same.

*Id.* at 363-64.  As with the defendant in *Textron*, Trustwave and Centrify generally deny allegations in the particular paragraph of the Complaint, and like the denial in *Textron*, are therefore also "not sufficient to raise a question of venue."

Similarly, in *Williamson-Dickie Mfg. Co. v. M/V HEINRICH J*, 762 F. Supp. 2d 1023 (S.D. Tex. Jan. 31, 2011), the court held that the defendant waived venue where, as here, the defendant responded to venue in its answer with "vague, catch-all, . . . broad and over-sweeping template terminology." *Id*. at 1028.  In *Williamson-Dickie*, the defendant made general reference to "bill of lading terms and conditions" as providing a basis for improper venue, which the court found not "sufficient to preserve its ability to move for dismissal for lack of venue."  Here, Trustwave and Centrify offer *no* basis for objecting to venue, and therefore offer a response that is even more general and broad than the language rejected in *Williamson-Dickie*.

At least two post-*TC Heartland* decisions reach the same conclusion that a general denial is insufficient to preserve a motion for dismissal for lack of venue.  *See Amax*, 2017 WL 2818986; *Cobalt Boats*, 2017 WL 2556679.  In *Amax*, the complaint alleged "[v]enue is proper within this Court pursuant to 28 U.S.C. §§ 1391 and 1400 because ACCO is subject to personal jurisdiction

within this judicial district and ACCO regularly transacts and solicits business in this district, including with respect to the infringing products at issue in this case." *Amax*, No. 1:16-CV-10695, D.I. 15 (July 6, 2016) (Exhibit 4, at \*3).   The defendant answered that it "denies that venue is proper in this District." *Id*.   The District of Massachusetts rejected the defendant's contention that this denial preserved its defense of improper venue. *Amax*, 2017 WL 2818986, at \*2.   The court found this denial "insufficient," noting that "[a]fter filing its answer, defendant failed to raise the defense of improper venue." *Id*.   The court thus found that the defendant waived its improper venue defense. *Id*. at \*3.   Similarly, the Eastern District of Virginia held that a denial that was more specific than those made by Trustwave and Centrify still did not suffice to avoid waiver of venue. *Cobalt Boats*, 2017 WL 2556679.   There, defendant Sea Ray did not simply assert a blanket denial of allegations in a complaint paragraph as did Trustwave and Centrify.   Instead, Sea Ray specifically objected to venue, stating that it "contests that venue is proper within this judicial district." *Id.* at \*1.   But even this denial was not sufficient, and the court found that Sea Ray waived a venue challenge. *Id.* at \*4.   For at least these reasons as well, Defendants Trustwave and Centrify waived any venue challenge.

### 3.   Defendants Waived a Venue Challenge Because They Did Not Move to Dismiss Based on Their Purported Objections Before *TC Heartland*

Even if one were to accept that Defendants' purported objections to venue were timely and sufficient—and as described above they are not—Defendants still waived a venue challenge because simply objecting to venue is not enough.   "[M]erely filing an initial venue objection does not preclude subsequent waiver of the objection." *Wordtech Sys. Inc. v. Integrated Network Sols., Corp.*, No. 2:04-CV-01971, 2014 WL 2987662, at \*3 (E.D. Cal. July 1, 2014).   To preserve the venue challenge, Defendants were required to move to dismiss and/or transfer based on improper venue at the time they believed venue was improper.

Each Defendant purports to have properly objected to venue before *TC Heartland*. Motion at 4 (stating that in the Answers to the Amended Complaints, "Defendants . . . objected to venue in their respective answers, denying that venue was proper in this District"). Thus, at that time, each Defendant believed it had an argument for dismissal or transfer based on improper venue *before TC Heartland*. *TC Heartland*, therefore, did not create a defense that was not previously available to Defendants. Because Defendants did not move on their defenses when they purportedly raised them, those defenses are waived. *See Cobalt Boats*, 2017 WL 2556679, at *4 (finding that defendant waived its right to challenge venue by failing to timely and sufficiently object despite that its answer objected to venue) (citing to Plaintiff's Opposition (D.I. 282 at 7 (Exhibit 5)), which noted that "Sea Ray never followed up on its answer through any defense, motion to dismiss, or motion to transfer for improper venue"); *Amax*, 2017 WL 2818986, at *3 (noting that "the objection to improper venue was available to defendant" and by not pursuing the improper venue objection after initially objecting in the answer, "defendant waived that objection").

Defendants argue that moving to dismiss or transfer based on improper venue would have been "futile" before *TC Heartland*, and for this reason their purported objections to venue in the Answers are sufficient. Motion at 11-12. The Eastern District of Texas recently rejected this same argument outright, stating: "While such a motion might have been viewed as meritless in a lower court, that does not change the harsh reality that [defendant] would have ultimately succeeded in convincing the Supreme Court to reaffirm *Fourco*, just as the petitioner in *TC Heartland* did." *Elbit Systems*, 2017 WL 2651618, at *20. The Eastern District of Virginia similarly rejected Defendants' argument in *Cobalt Boats*, 2017 WL 2556679, at *3. And the Northern District of Illinois rejected it as well. *The Chamberlain Group*, No. 1:16-CV-06097, at *2 (Exhibit 1). For

17

these reasons, Defendants waived a venue challenge because they could have moved on their purported objections at the time they objected, but did not.

**B.**   ***TC Heartland* Does Not Qualify as Intervening Law to Excuse Defendants' Waiver**

The central theme of Defendants' Motion is that *TC Heartland* was a change in the law of venue.  Motion at 1, 2, 4, 7-13.  Indeed, Defendants identify *TC Heartland* in the title of their Motion, when, in fact, it is a motion under 28 U.S.C. § 1406.  In their Motion, Defendants describe the *TC Heartland* decision as a "fundamental change to the prevailing law on patent venue."  Motion at 1.  Defendants must argue this because they realize they have waived their ability to challenge venue for all the reasons explained above.  Unfortunately for Defendants, as described by the Supreme Court itself, as well as six recent district courts since the *TC Heartland* decision, *TC Heartland* did *not* change the law.  Rather, it reaffirmed what the law has always been.  *Supra* at 3-5.  Thus, while it is correct that waiver sometimes can be excused by the existence of an intervening change in law, *TC Heartland* does not qualify as such and does not excuse Defendants' waiver to challenge venue.

As the Supreme Court noted, the patent venue statute has been essentially unchanged since at least 1897, and that in its decisions in *Stonite* and *Fourco*, the Court made clear that the patent venue statute stands alone and is not supplemented by the general venue statute.  *Supra* at 3-5.  In *Fourco*, the Supreme Court addressed the *identical* issue that the Court addressed in *TC Heartland*—whether the broad definition of residence in the general venue statute should be incorporated into the patent venue statute.  *TC Heartland*, 137 S. Ct. at 1517.  In *Fourco*, the Supreme Court rejected that view, holding that the definition of "resides" is not incorporated from the general venue statute and that it instead means only the state of incorporation.  *Fourco*, 353 U.S. at 226-28.  In *TC Heartland,* the Court affirmed that decision, noting that "Congress has not

amended §1400(b) [the patent venue statute] since *Fourco*" and that there is no indication that, in amending the general venue statute, "Congress intended to alter the meaning of § 1400(b) as interpreted in *Fourco*." *TC Heartland*, 137 S. Ct. at 1515, 1520.  Thus, the Supreme Court held that, despite the Federal Circuit's misapplication of the patent venue law, *Fourco is* the law and *was* the law.  In other words, nothing has changed.

Three of the most patent-focused district courts in the nation have agreed and concluded that *TC Heartland* is not an intervening change in law.  In *Cobalt Boats*, *Elbit Systems*, and *The Chamberlain Group*, the courts held that the defendants waived a venue challenge and that *TC Heartland* was not an intervening change in law that excused the waiver.  In *Cobalt Boats*, the Eastern District of Virginia stated that, "[b]ased on the Supreme Court's holding in *TC Heartland*, *Fourco* has continued to be binding law since it was decided in 1957, and thus, it has been available to every defendant since 1957." *Cobalt Boats*, 2017 WL 2556679, at *3.  As a result, the court concluded that "*TC Heartland* does not qualify for the intervening law exception to waiver because it merely affirms the viability of *Fourco*." *Id.*  Similarly, in *Elbit Systems*, the Eastern District of Texas stated that "[t]he Court need not reach Defendants' argument that a change in law constitutes an exception to waiver under Rule 12(h)(1)(A) because the Supreme Court's decision in *TC Heartland* does not qualify." *Elbit Systems*, 2017 WL 2651618, at *20.  And in *The Chamberlain Group*, the Northern District of Illinois denied a motion to transfer as waived, finding that "*TC Heartland* did not represent a change in the law that would excuse waiver." *The Chamberlain Group*, No. 1:16-CV-06097, at *3 (Exhibit 1).  In addition to these courts, three other districts also agree that *TC Heartland* is not an intervening change in the law that excuses waiver. *iLife Tech.*, 2017 WL 2778006; *Composite Resources*, No. 0:17-CV-00273 (D.S.C. June 26, 2017) (Exhibit

2); *Amax*, 2017 WL 2818986.  That is a total of six post-*TC Heartland* cases disagreeing with Defendants' position that their waiver should be excused in light of *TC Heartland*.

Defendants suggest that because the Federal Circuit's incorrect interpretation of the patent venue statute in *VE Holding* was followed for so long, this means that *TC Heartland* changed the law.  Motion at 2.  This same argument, however, was squarely rejected in *Cobalt Boats*, which stated: "[C]ircuit courts are only empowered to express the law of their circuit in the absence of a controlling decision by the Supreme Court.  The Supreme Court has never overruled *Fourco*, and the Federal Circuit cannot overrule binding Supreme Court precedent."  *Cobalt Boats*, 2017 WL 2556679, at *3 (internal quotation marks and citations omitted).  The court in *The Chamberlain Group* also rejected this argument, stating "only the Supreme Court can overrule its own precedents" and that "the Supreme Court in *TC Heartland* pulled no punches in reminding litigants that 'Congress has not amended § 1400(b) since this Court construed it in *Fourco*.'"  *The Chamberlain Group*, No. 1:16-CV-06097, at *3 (Exhibit 1).

Defendants also point out that certiorari was denied in *VE Holding*, as somehow suggesting the Supreme Court implicitly adopted the Federal Circuit's incorrect view on venue.  Motion at 9.  But the court in *Cobalt Boats* similarly dismissed this same argument, recognizing that "[a]s [the Supreme Court] has often stated, the denial of a writ of certiorari imports no expression of opinion upon the merits of the case."  *Cobalt Boats*, 2017 WL 2556679, at *3 (citing *Teague v. Lane*, 489 U.S. 288, 296 (1989)) (internal quotation marks omitted).[8]

---

[8] Defendants argue that *TC Heartland* has a "retroactive effect" in this case (Motion at 7-10), but that misses the point.  Because *TC Heartland* did not change the law, whether it applies retroactively is not relevant.  Indeed, quotes from Defendants' own cases confirm this.  *See* Motion at 8 (quoting *Davis v. Omitowoju*, 883 F.2d 1155, 1170-71 (3d Cir. 1989) as "applying judicial decisions retrospectively 'when application of the new law would affect rights or obligations existing prior to the ***change in law.***'") (emphasis added).  The Eastern District of Virginia noted

**C.     Even If Not Waived, Defendants Have Not Met Their Burden of Demonstrating Improper Venue**

As this Court recognizes, "[t]he defendant has the burden of demonstrating that venue is improper." *Thomas Glob.*, 2016 WL 706194, at *3; *see also Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982) ("It logically follows therefore that on a motion for dismissal for improper venue under Rule 12 the movant has the burden of proving the affirmative defense asserted by it."); *St. Clair Intellectual Prop. Consultants, Inc. v. Mirage Sys.*, Inc., 419 F. Supp. 2d 620, 623 (D. Del. Mar. 8, 2006) ("The moving party bears the burden of proving venue is improper.").  It is also axiomatic that, in deciding a motion to dismiss/transfer for improper venue, the court "draws all reasonable inferences and resolves all factual conflicts in the plaintiff's favor."  *Thomas Glob.*, 2016 WL 706194, at *3 (citing *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012)).

Defendants have not met their burden.  To establish that venue is improper under the second test of 28 U.S.C. § 1400(b),[9] Defendants must demonstrate they (1) have not "committed acts of infringement" in New Jersey or (2) do not have "a regular and established place of business" in New Jersey.  While the question of infringement is yet to be decided,[10] the second question, regarding Defendants' presence in New Jersey, can certainly be answered now.  But Defendants failed to do so.  The declarations submitted by Defendants in support of their Motion utterly fail

---

in *Cobalt Boats* that "[b]ecause the Supreme Court did not change the law, retroactivity is also not an issue."  2017 WL 2556679, at *3 n.1.  *See also Composite Resources Inc. v. Recon Medical LLC*, No. 0:17-cv-00273 (D.S.C. June 26, 2017) (Exhibit 2) (noting that *TC Heartland* would not apply retroactively because it was not a change in law).

[9] *TC Heartland* addressed only the first test under 28 U.S.C. § 1400(b)—where a corporation "resides."  Venue may still be established under the second test of section 1400(b).

[10] Defendants acknowledge that a defendant must have also "committed acts of infringement" in the district for venue to be proper, but do not dispute in the Motion or in the declarations that this element is met.  Motion at 5-7.

to allege facts which, even assuming they are true, are sufficient to demonstrate they do not have "a regular and established place of business" in New Jersey.

The declarations state only that Defendants have no physical offices in New Jersey.  But Defendants' own cases say that physical offices are not required.  For example, the Federal Circuit in *In re Cordis Corp.*, 769 F.2d 733 (Fed. Cir. 1985), endorses a line of cases that holds that "a fixed physical location," such as "a formal office or store," is not required for "regular and established place of business" under section 1400(b).  *Id.* at 737.  Moreover, since Defendants filed their motion, the Eastern District of Texas expanded the post-*TC Heartland* test for finding "a regular and established place of business" to include several other factors, including sales in the district, interactions with customers in the district, and benefits derived by the defendant in the district, among other things.  *Raytheon Company v. Cray, Inc.*, No. 2:15-CV-01554, 2017 WL 2813896 (E.D. Tex. June 29, 2017).

The declarations all admit that each Defendant has employees residing in New Jersey, yet attempt to downplay this fact by implying that the number of New Jersey employees is relatively low compared with their total number of employees (six employees for Trustwave and two each for Duo and Centrify).[11]  In *Cordis*, however, even just two employees working from home were sufficient, in light of other facts, to support a regular and established place of business in the district.  Relevant factors in finding venue in *Cordis* included where orders were placed, where inventory was stored and how the employees' presence in the district related to the accused products.  *Cordis*, 769 F.2d at 736-37.  The declarations submitted by Defendants, however, do

---

[11] It is also worth noting that the few scant facts set forth in the declarations could have been included in Defendants' respective Answers, but were not.  Thus, these declarations appear to be an improper and after-the-fact attempt to supplement Defendants' inadequate responsive pleadings.

not address any of these questions, much less the expanded questions included in the recent *Raytheon* decision, and therefore do not meet the burden of establishing that there is no regular and established place of business in the district.

For these reasons, if the motion is not denied, at the very least, StrikeForce should be afforded the opportunity to take limited discovery on these questions that go to whether venue is proper under the second prong of section 1400(b).

D.      **This Court's Decision Will Be Reviewed for Abuse of Discretion**

In their Motion, Defendants assert that moving forward with this case in New Jersey risks wasting judicial resources because any verdict or final judgment could be vacated on appeal if the appellate court finds that venue was improper.  Motion at 14.  Defendants' argument greatly distorts reality.  The fact is that waiver is reviewed under an abuse of discretion standard.  *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 882-83 (Fed. Cir. 1997); *Feingold v. State Farm Mut. Auto. Ins. Co.*, 629 F. App'x 374, 376 n.3 (3d Cir. 2015); *Sharp v. Johnson*, 669 F.3d 144, 158 (3d Cir. 2012).  As such, if the Court denies Defendants' motion because it finds, for example, that Defendants waived their venue challenge, Defendants would have an extraordinarily high burden to establish that decision was improper and should be vacated.[12]

---

[12] The three cases cited by Defendants are easily distinguished.  *Olberding* and *Lied* dealt with a state statute providing that an out-of-state driver implicitly consents to being sued in those states, and thus, waives a venue challenge.  The district court in those cases improperly applied the state statute to find that federal venue under 28 U.S.C. § 1391(a) was waived.  Those decisions were reversed on appeal, not because the court abused its discretion, but because it applied the wrong law in finding a waiver.  *Gogolin* did not involve waiver at all.  Rather, the district court appears to have decided venue on the merits but, as the appellate court noted, the district court did not provide an opinion explaining its basis.  *Gogolin & Stelter v. Karn's Auto Imports, Inc.*, 886 F.2d 100, 103-04 (5th Cir. 1989).

23

**E.      If Defendants' Motion Is Granted, the Court Should Exercise Its Discretion to Transfer Rather Than Dismiss**

Should the Court grant Defendants' motion—and for all the reasons explained above, it should not—it should transfer, rather than dismiss, the action.  "Courts generally prefer transfer to dismissal."  *Wolf Network, LLC v. AML Diagnostics, Inc.*, No. 3:15-CV-03797-B, 2016 WL 1357742, at *3 (N.D. Tex. Apr. 5, 2016); *see also Jadue v. Chertoff*, No. 4:06-CV-00053, 2006 WL 1515661, at *1 (N.D. Ohio May 30, 2006).  In this regard, courts have favored transfer over dismissal where, as here, "[d]ismissal would result in wasteful duplication of effort, additional filing expenses, and unnecessary delay for both parties." *Srour v. Department of Homeland Sec.*, No. 1:09-CV-00762, 2009 WL 2709934, at *2 (E.D. Va. Aug. 25, 2009); *see also Stutes v. Tipto*, 540 F. Supp. 2d 516, 522 (D. Vt. Feb. 8, 2008) (after finding venue improper, ordering the case to be transferred because "[t]o dismiss the case and require re-filing in Oklahoma would result in unnecessary duplication of effort on the part of the government, additional effort for the plaintiff, added expense for the defendants, and unnecessary delay for all parties").

Dismissal, on the other hand, is typically only appropriate in situations such as "where the plaintiff is harassing the defendants, acting in bad faith or forum shopping; where the plaintiff's action is frivolous; or where the transfer would be futile because the case would be dismissed even after transfer." *Altin Havayolu Tasamaciligi Turizm Ve Tic v. Sinnarajah*, No. 3:07-CV-06475, 2008 WL 691851, at *5 (N.D. Cal. Mar. 12, 2008).  None of those factors exist in this case, thus dismissal is not the appropriate remedy if the Court determines that venue is improper.[13]

---

[13] Defendants argue that "judicial economy" favors a transfer to Delaware, but have not explained why that matters.  Indeed, it does not, as judicial economy is not a factor to be considered when deciding whether venue is proper.  And even if it was relevant, Defendants argument is without merit as the case is unlikely to be assigned to the same judge in Delaware who presided over the prior case involving different parties.  Moreover, the parties have nearly completed claim construction briefing and will soon schedule a *Markman* hearing.  There is no telling when the

## IV.     CONCLUSION

For the foregoing reasons, Defendants' Joint Motion to Dismiss or Transfer for Improper Venue should be denied.  If the Court does not deny the motion, it should allow StrikeForce to take limited discovery on issues relevant to venue.  And if the Court were to grant the motion, it should exercise its discretion to transfer rather than dismiss the case.


Dated:  July 3, 2017                              By: */s/ Jonathan M. Korn* _____

Jonathan M. Korn
**BLANK ROME LLP**
301 Carnegie Center, 3rd Floor
Princeton, NJ  08540
Telephone: (609) 750-7700
Korn@BlankRome.com

Charles R. Wolfe, Jr. *(pro hac vice)*
Salvatore P. Tamburo *(pro hac vice)*
Ameya V. Paradkar *(pro hac vice)*
David E. Anderson *(pro hac vice)*
**BLANK ROME LLP**
1825 Eye Street NW
Washington, DC  20006
Telephone:  (202) 420-2200
Wolfe@BlankRome.com
STamburo@BlankRome.com
AParadkar@BlankRome.com
DEAnderson@BlankRome.com

*Attorneys for Plaintiff*

---

Delaware court would get to these important milestones in the case.  Thus, judicial economy actually favors remaining in New Jersey as a transfer would likely result in a completely new judge having to come up to speed on the case.

121172.00605/105869154v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 3, 2017, the foregoing was served by electronic mail to all counsel of record.


*/s/ Jonathan M. Korn*
Jonathan M. Korn

26